Fecteau, J.
This matter comes before this Court on defendants’ two motions: (1) the defendants’ motion for a protective order to prohibit the plaintiff from contacting former employees pursuant to Rule 4.2 of the Massachusetts Rules of Professional Conduct and (2) the defendants’ emergency motion for sanctions for the alleged violation of the agreed upon no-contact agreement pending this decision. Based on the relevant evidence presented at the hearing before me on February 4, 2000 and the record, for the reasons set forth below, this Court ALLOWS the defendant’s motion for a protective order and DENIES the defendants’ emergency motion for sanctions.
I. LEGAL STANDARD
Rule 4.2, of the Massachusetts Rules of Professional Conduct, Communication with Person Represented by Counsel, states:
In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
Mass.R.Prof.Conduct 4.2. Pursuant to Comment 1 of the aforementioned rule, “parties to a matter may communicate directly with each other.” The Massachusetts Rules of Professional Conduct are applicable to attorneys, not to parties, as the rule states “a lawyer shall not . . .” Rule 4.2 (emphasis added). Moreover, under the former Disciplinary Rule 7-104(a), the predecessor to Rule 4.2, a lawyer was prohibited from communicating with a party he knew was represented by a lawyer. Bruce v. Silber, 52 Fair Empl. Prac. Cas. (BNA) 785, 1989 WL 206452, at *3 (D. Mass. July 20, 1989). The rule was inapplicable to others such as witnesses or other interested people. Rule 4.2 on the other hand, mandates that lawyers shall not communicate with “a person.” Person, as defined in Rule 9.1 of the Massachusetts Rules of Professional conduct, “includes a corporation, an association, a trust, a partnership, and any other organization or legal entity.”
Prior to the adoption of Rule 4.2 on June 9, 1997, effective January 1, 1998, DR 7-104(a)(1) was deemed applicable to “current corporate employees of an adverse party regarding matters within the scope of their employment, since statements by such employees may constitute binding admissions of the corporation under Fed. R. Evid. 801(d)(2)(D).” Amarin Plastics Inc. v. Maryland Cup Corporation, 116 F.R.D. 36, 39 (D. Mass. 1987). Although current employees of a corporation were protected by the rule, the Committee on Professional Ethics of the Massachusetts Bar Association in 1982 held that the provision only applied to present, not former employees of the corporation because former employees do not have the present agency relationship with the corporate counsel. Id.
In contrast to DR 7-104(a)(l), Rule 4.2 may be interpreted to apply to former employees. Pursuant to Comment 4 to Rule 4.2:
This Rule prohibits communications by a lawyer for another person or entity concerning the matter in representation with persons having managerial responsibility on behalf of the organization with regard to the subject of the representation, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.
Thus, not only does Rule 4.2 apply to current employees who have managerial responsibilities, but it may apply to former employees (1) whose prior acts are the subject of the current litigation or (2) who had an ongoing agency relationship with the employer. Rock- *638 land Trust Company v. Computer Associates International, 1999 WL 95722 (D. Mass. Feb. 19, 1999). The Court in Amarin Plastics, Inc. held that, the mere fact that a person may be a prospective witness, even a critical one, does not necessarily trigger the prohibitions of DR 7-104(A)(l) or Rule 4.2, particularly if no facts are presented to show that the standard is applicable to certain former employees.
Most recently, the Federal District Court of Massachusetts held that Rule 4.2 could potentially apply to former employees. The Court held that it is clear that acts or omissions of an employer or statements by a former employer made at the time the person was employed by the corporation could be either imputed to the corporation or could be considered an admission of the corporation. The Courts have never set forth a bright line rule as to the applicability of 4.2 to former employees; instead, Judge Saris “left it open for the party whose former employee was sought to be contacted to ‘. . . providle] a factual basis for its con-clusory assertion that [the witness’] acts or omissions can be imputed to [the corporation] for purposes of civil liability.’ ” Rockland Trust Company v. Computer Associates International, 1999 WL 95722, at *4 (D. Mass. Feb. 19, 1999) citing Amarin Plastics, Inc. v. Maryland Cup Corporation, 116 F.R.D. at 41.
The standard this Court must look to in determining whether to issue a protective order is that of “good cause.” Good cause “for the entry of a protective order which prohibits opposing counsel from communicating with its employees except with corporate counsel’s consent . . . must depend on the facts and circumstances of the particular case.” Mompoint v. Lotus Development Corp., 110 F.R.D. 414, 418 (D. Mass. 1986). Two inquiries which'may be made in determining if good cause exists are: (1) will the employees’ statements to opposing counsel likely be admissible against the corporation, and (2) is there a need for the corporation to have its counsel present during any discussions between opposing counsel and employees or former employees. Id.
II. DISCUSSION
A. Defendants’ Motion for a Protective Order
Although the defendant repeatedly uses the term “plaintiff,” and in other motions had distinguished “plaintiff’ from “plaintiffs counsel,” defense counsel clearly indicated to the Court at the hearing that the intent of the defense counsel in using the word plaintiff was to mean both plaintiff herself and plaintiffs counsel. This Court accepts this as the intent of the defendants in their written motion.
In this case, the Court finds that Rule 4.2 may be applicable to former employees, as their statements could potentially constitute admissions, or their acts or omissions could be imputed to the corporation. Without setting forth a blanket rule, this Court finds that given the circumstances of this case, and the issues in dispute, this Court will issue a protective order to prevent the plaintiffs counsel from contacting any former employees of the defendant corporation on matters concerning their former employment and this litigation unless defense counsel is present or permission is granted from the Court or from opposing counsel. Similarly, should plaintiffs counsel want to interview any future employees of the defendant corporation, plaintiffs counsel must seek permission of this Court in a motion, unless otherwise agreed upon by both plaintiff and defense counsel. Furthermore, in the event that the plaintiff intends to introduce evidence at trial obtained through interviews with former or future employees of the defendant corporation, plaintiff must request permission from this Court through a motion in limine. This protective order is applicable only to the plaintiffs counsel and not to the plaintiff herself as this Court rules as a matter of law that Rule 4.2 is inapplicable to parties.
B. Defendants’ Emergency Motion For Sanctions
At the hearing before this Court on February 4, 2000, on defendants’ motion for a protective order, plaintiffs counsel consented to the defendants’ request that plaintiffs counsel have “no-contact" with any witnesses before they had the opportunity to be deposed and pending this Court’s decision on the motion. The defendants now allege that plaintiffs counsel[2] violated this agreement by contacting Renee Polakowsi, former business manager, on February 15, 2000. Although the defendants allege that Renee Polakowsi indicated this in her deposition on February 16, 2000, the defendants have neglected to supply the deposition, as evidence, to this Court. As such, this Court is compelled to DENY defendants’ motion for sanctions for violation of the agreed upon no-contact agreement.
III. ORDER
For the aforementioned reasons, this Court hereby ORDERS that the defendants’ motion for a protective order to prohibit the plaintiff from contacting former employees pursuant to Rule 4.2 of the Massachusetts Rules of Professional Conduct is ALLOWED and that the defendants’ emergency motion for sanctions for the alleged violation of the agreed upon no-contact agreement pending this decision is DENIED.
This Court hereby ORDERS that plaintiff s counsel is prohibited from contacting any former employees of the defendant corporation on matters concerning their former employment and this litigation unless defense counsel is present or permission is granted from this Courf or from opposing counsel. Similarly, should plaintiffs counsel want to interview any future employees of the defendant corporation, plaintiffs counsel must seek permission of this Court in a motion, unless otherwise agreed upon by both plaintiff and defense counsel. Furthermore, in the event that the plaintiff intends to introduce evidence at trial obtained through interviews with former or future employees of *639 the defendant corporation, plaintiff must request permission from this Court through a motion in limine.

This Court notes that in this motion, just as in their motion for a protective order, the defendants use the term plaintiff rather than plaintiffs counsel on occasion. This is one such occasion; therefore, based on the defendants’ intentions, the Court will infer that the defendants meant to state that the plaintiffs counsel called the witness at work.